# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

LEO CONO,

        Plaintiff,

vs.

AVALON BAY COMMUNITIES, INC.,

        Defendant.

Case No. 2:18-cv-00482-APG-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1) AND COMPLAINT (ECF NO. 1-1)

Before the Court are *pro se* Plaintiff Leo Cono's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, Cono's *in forma pauperis* application is granted. The Court, however, orders that Cono's complaint be dismissed without prejudice.

## DISCUSSION

Cono's filings present two questions: (1) whether Cono may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Cono's complaint states a plausible claim for relief. Each is discussed below.

### I. Whether Cono May Proceed *In Forma Pauperis*

Cono's application to proceed *in forma pauperis* is granted. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." According to Cono's affidavit, he has no income and significant expenses. (ECF No. 1). Cono's application to proceed *in forma pauperis* is, therefore, granted.

### II. Whether Cono's Complaint States a Plausible Claim

Because the Court grants Cono's application to proceed *in forma pauperis*, it must review Cono's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.

28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Cono's complaint is difficult to follow. It consists of four pages of sentence fragments that trail of the pages. (ECF No. 1-1 at 2-5). There are no dates associated with the allegations, making it impossible to create a coherent timeline. The complaint fails to connect the alleged facts to any law supporting a claim for relief—Cono simply lists several alleged crimes at the end of his complaint.[1] (*Id.* at 5). In addition, the complaint and civil cover sheet make it unclear whether Cono and the Defendant reside in Nevada, California, or Virginia. (*Id.* at 1, ECF No. 1-2). Should Defendant reside in California or Virginia, it is doubtful that this Court would have personal jurisdiction over the Defendant or could be considered a proper venue. *See Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141-42 (9th Cir. 2017); 28 U.S.C. § 1391(b).

---

[1] Though Cono's civil cover sheet (ECF No. 1-2) does cite specific statutes, these statutes are not cited in Cono's complaint. In addition, some of these statutes relate only to criminal cases and do not apply in this case.

The Court cannot determine what Cono is alleging in this case. Cono fails to allege coherent facts or articulate a claim or claims against the Defendant. These deficiencies may be cured through amendment. Therefore, Cono's complaint is dismissed without prejudice. Cono must file an amended complaint explaining how the Court has jurisdiction over the Defendant, the circumstances of the case, the relief Cono seeks from the Court, and the law upon which he relies in bringing the case in this Court.

Though "[n]o technical form is required for complaints" (Fed. R. Civ. P. 8(a)), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. …If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense" (Fed. R. Civ. P. 10(b)). The amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1.

ACCORDINGLY,

IT IS ORDERED that Cono's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Cono's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Cono has until April 27, 2018 to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1, a party may object to orders issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. (*See* LSR 2-2).

DATED this 26th day of March, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE