# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

LEO CONO,

        Plaintiff,

vs.

AVALON BAY COMMUNITIES, INC.,

        Defendant.

Case No. 2:18-cv-00482-APG-VCF

**REPORT AND RECOMMENDATION**

SECOND AMENDED COMPLAINT (EFC NO. 6)

Before the Court is *pro se* Plaintiff Leo Cono's Second Amended Complaint.[1] (ECF No. 6). For the reasons stated below, Cono's second amended complaint should be dismissed on jurisdictional grounds.

## DISCUSSION

On March 26, 2018, the Court granted Cono's application to proceed *in forma pauperis* and dismissed his complaint without prejudice. (ECF No. 3). The original complaint named only Avalon Bay Communities as a defendant. (ECF No. 4 at 1). Among other concerns, the Court noted that "[s]hould Defendant reside in California or Virginia, it is doubtful that this Court would have personal jurisdiction over the Defendant or could be considered a proper venue." (ECF No. 3 at 2).

Cono filed a second amended complaint on April 30, 2018. (ECF No. 6). The second amended complaint names over 50 defendants in the caption, though many are not mentioned anywhere else in the complaint. (*Id.* at 1-2). Most of the defendants are individuals and entities linked to California, New Jersey, New York, and the Philippines. (*Id.*). Cono alleges that Avalon Bay Communities is a national franchise with apartment communities in New York, New Jersey, Virginia, and California. (*Id.* at 17).

---

[1] Cono previously filed an amended complaint (ECF No. 5), but the Court will only deal with the Second Amended Complaint.

Only one defendant is alleged to be associated with Nevada in the caption—Daniela Oliva/Oliveira. (*Id.* at 2). Daniela Oliva/Oliveira does not appear anywhere else in the complaint. Cono seeks to bring a Racketeer Influenced and Corrupt Organization ("RICO") claim against the defendants, involving multiple alleged thefts from Cono from 1997 to 2018. (*Id.* at 9-10, 13-18). All of the facts giving rise to the complaint took place in New Jersey, New York, and California. (*Id.*).

"Constitutional due process requires that defendants 'have certain minimum contacts' with a forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141 (9th Cir. 2017) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Any civil action or proceeding under [the RICO] chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a).

Based on the allegations in the second amended complaint, Nevada has no connection to this case. Defendants mainly[2] reside in New Jersey, New York, and California. While Cono asserts that Avalon Bay Communities is a national franchise, the second amended complaint only lists apartment communities in New York, New Jersey, Virginia, and California. (ECF No. 6 at 17). There is no indication that any defendant resides, is found, has an agent, or transacts its affairs in Nevada. All the facts giving rise to this case took place in New Jersey, New York, and California. Cono failed to address how this Court has jurisdiction over the defendants residing outside Nevada. Therefore, the Court should dismiss this case on jurisdictional grounds.

---

[2] Cono does not clearly indicate where several defendants reside, and many defendants listed in the caption are not mentioned elsewhere in the second amended complaint.

ACCORDINGLY,

IT IS RECOMMENDED that Cono's Second Amended Complaint (ECF No. 6) be DISMISSED for lack of jurisdiction.

## NOTICE

Pursuant to Local Rules IB 3-1, a party may object to Reports and Recommendations issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days.  (*See* LR IB 3-1).  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address.  The notification must include proof of service upon each opposing party of the party's attorney.  **Failure to comply with this Rule may result in dismissal of the action**.  (*See* LSR 2-2).

DATED this 1st day of May, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

3